IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02070-LTB-BNB

MARY LEE GRIFFIN,

Plaintiff,

v.

MR. GORDON J. HEUSER & HEUSER LLP AT LAW,
MR. JOSEPH R. WINSTON & WINSTON LAW FIRM, and
MR. GREGORY A. MACEAU LAW OFFICES LLC,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the following motions:

1. **Defendant Mr. Gregory A. Maceau Law Offices, LLC's Motion to Dismiss (For Lack of Subject Matter Jurisdiction)** [Doc. #5, filed 11/11/2008]: and

2. **Motion to Dismiss of Defendants Joseph R. Winston & Winston Law Firm** [Doc. #13, filed 12/15/2008].

I respectfully RECOMMEND that the Motions be GRANTED and that the Complaint be DISMISSED for lack of subject matter jurisdiction.[1]

---

[1] Defendants Gordon J. Heuser & Heuser LLP have not answered the Complaint. It is not clear from the record whether the plaintiff effected service upon them. For the reasons discussed below, I find that the court lacks subject matter jurisdiction over the claims against them.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

The defendants seek dismissal of the Complaint for lack of subject matter jurisdiction.  The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.  The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

<u>Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff filed her Complaint on September 25, 2008 [Doc. #1]. The Complaint contains the following allegations:

1.  The plaintiff engaged the services of Heuser & Heuser Attorneys at Law in Colorado Springs, Colorado, to pursue a personal injury case. *Complaint*, pp. 3, 4.[2] Mr. Winston, also of Colorado Springs, acted as an associate counsel on the case. Id. at pp. 2, 4.

2.  The parties attended a settlement conference. Id. at pp. 2, 3, 4. The plaintiff, Mr. Heuser, Mr. Winston, and a retired judge were present at the conference. Id. at p. 4. The judge presented to the plaintiff "what [she] would be entitle[d] to by a jury trial." Id. The plaintiff "was in total disagreement" with "these gentlemen's decision," and the conference ended. Id.

3.  Subsequently, Mr. Heuser and Mr. Winston withdrew from the case. Id.

4.  On October 9, 2007, the plaintiff explained her situation to Michael Galvan at the "American Law Worx." Id. at p. 5. He reviewed the plaintiff's legal files and prepared a report for Gregory Maceau, Attorney at Law. Id.

5.  The plaintiff met with Mr. Maceau, who told her that she had a good malpractice suit against Heuser and Winston. Id. Maceau filed a motion attempting to reinstate her case, but he was not successful. Id. He wrote to the plaintiff and told her to pick up her files and that she would need a malpractice attorney. Id.

The plaintiff seeks $5 million compensatory damages. Id. at p. 5.

---

[2]The plaintiff's papers are not consecutively paginated. I cite to the page numbers as they are assigned by the court's docketing system.

### III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983.  *Complaint*, pp. 2, ¶ 4; p. 6 (stating that the plaintiff believes her "Constitutional Civil Rights have been violated").  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The defendants argue that the claims asserted against them under 42 U.S.C. § 1983 must be dismissed because they are not state actors.  "Under Section 1983, liability attaches only to conduct occurring under color of law.  Thus, the only proper defendants in a Section 1983 claim are those who represent the state in some capacity, whether they act in accordance with their authority or misuse it."  Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995) (internal quotations omitted).  "The 'under color of state law' requirement is 'a jurisdictional requisite for a § 1983 action . . . .'"  Jojola v. Chavez, 55 F.3d 488 (10th Cir. 1995) (quoting Polk County v. Dodson, 454 U.S. 312, 315 (1981)).

The plaintiff does not allege that the defendants are state actors.  To the contrary, the plaintiff alleges that the defendants are private lawyers and law firms, *Complaint*, pp. 2-6, and that she is suing them for malpractice based on their actions and inactions with regard to her civil personal injury case.  *Plaintiff's Motion to Disagree with Defendants(s) Motion to Dismiss (For Lack of Subject Matter Jurisdiction)* [Doc. #9], p. 1; *Plaintiff's Motion to Disagree Again with Defendant(s) Motion to Dismiss (For Lack of Subject Matter Jurisdiction)* [Doc. #20], p. 1.  The

Complaint does not allege any facts demonstrating that the defendants acted under color of state law; the plaintiff does not argue that the defendants are state actors; and she has not identified any specific constitutional right violated by the defendants. Therefore, the court does not have subject matter jurisdiction over the plaintiff's section 1983 claims.

As noted, defendants Gordon J. Heuser & Heuser LLP have not answered the Complaint, and it is not clear from the record whether the plaintiff effected service upon them. Nevertheless, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). It is clear from the record that defendants Gordon J. Heuser & Heuser LLP are not state actors and that the court does not have subject matter jurisdiction over the section 1983 claims against them.

To the extent the plaintiff is seeking to assert state law malpractice claims against the defendants, she has not shown the existence of diversity jurisdiction, which requires:

> District and appellate courts have limited subject matter jurisdiction and may only hear cases "when empowered to do so by the Constitution and by act of Congress." To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.

Radil v. Sanborn Western Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004) (citations omitted).

"Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. And statutes conferring diversity jurisdiction are to be strictly construed." Penteco Corp. Ltd. Partnership - 1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991) (internal quotations and citations omitted).

The defendants assert, and the plaintiff does not dispute, that the parties are all citizens of Colorado. Indeed, the record supports the defendants' assertion that the parties are all citizens of Colorado. *Complaint*, pp. 2-7; *Plaintiff's Motion to Disagree with Defendants(s) Motion to Dismiss (For Lack of Subject Matter Jurisdiction)* [Doc. #9], pp. 16-21.

Because the Complaint does not assert a federal question, and because there is no diversity of citizenship between the parties, this court does not have jurisdiction over the plaintiff's claims.

## IV. CONCLUSION

I respectfully RECOMMEND that Defendant Mr. Gregory A. Maceau Law Offices, LLC's Motion to Dismiss (For Lack of Subject Matter Jurisdiction) [Doc. #59] and Motion to Dismiss of Defendants Joseph R. Winston & Winston Law Firm [Doc. #13] be GRANTED and that the Complaint be DISMISSED as to all defendants for lack of subject matter jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 18, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

7